IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICAHEL DANIELS, #303766, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-179-WKW |
| ) | (WO) |
| ) | |
| GELET FRAZIER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Michael Daniels, a former state inmate, challenging actions which occurred at the Frank Lee Work Release Center on June 1, 2017.[1] In his complaint, Daniels declared that he would "provide the Clerk's Office with any changes to [his] address" and stated his "understand[ing] that [the] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [this] case." Doc. 1 at 10.

On March 23, 2018, the court entered an order, a copy of which the Clerk mailed to Daniels at his address of record. However, the postal service returned this order as undeliverable because Daniels no longer resides at this address. In light of the returned mail, the court entered an order requiring Daniels to inform the court of his current address on or before April 16, 2018. Doc. 6 at 2. The order specifically advised Daniels

---

[1] At the time Daniels filed the complaint, he was incarcerated at the Fountain Correctional Facility. This is the last address provided to the court by Daniels. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Daniels is no longer incarcerated within the state prison system.

that this case could not proceed if his whereabouts remained unknown and directed Daniels to "file with the court a current address." Doc. 6 at 1–2. The order also "specifically cautioned [Daniels] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." Doc. 6 at 2. As of the present date, the court has received no response from Daniels to the aforementioned order nor has he provided the court his current address as he acknowledged in his complaint is necessary to proceed with this action. Based on the foregoing, the court concludes that this case should be dismissed without prejudice.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Daniels is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Daniels has failed to furnish his current address to the court with full knowledge that such failure could result in the dismissal of this case. It likewise appears that that since his release from incarceration Daniels is simply no longer interested in the prosecution of this case. Finally, the court finds that any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources.

Accordingly, the court concludes that Daniels' failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.

1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). It is well established that "[t]he district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 3, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal

the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 19th day of April, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE